————o————

## No. 6345.

## ROMANSKI PHOTO ENGRAVING CO. vs. SENDKER PRINTING WORKS, LTD.

### Syllabus.

Whether or not the deposit of the purchase price in the temporary custody of a third person by joint agreement between the vendor and the purchaser ,constitutes a payment of the price to the vendor, is dependent upon the intention of the parties to be ascertained by a consideration of their agreement and the circumstances surrounding the transaction.

Appeal from the Civil District Court, Parish of Orleans, Division "B," No. 101,194. Honorable F. D. King, Judge.

John Dymond, Jr., and A. G. Levy, for plaintiff and appellee.

J. L. Feliu, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiff sold and delivered to defendant a second-hand press for $1,400.00. According to the recitals of the written agreement of sale, dated March 20, 1912, a portion of this price, namely $200.00,

> "the purchaser has settled in the following manner, to-wit:
> "1st. * * *
> "2nd. * * *
> "3rd. The sum of $200.00 is hereby deposited with Theodore A. Beck, notary, to secure the replacing of any defective, worn out or broken parts of said press, the said sum to remain on deposit with said notary for a period of 30 days from the date thereof."

The fact is, however, that defendant did not make this deposit in cash with the notary, but that at the time the agreement was executed, defendant, at plaintiff's direction, executed a check payable to plaintiff's order, and delivered it to the notary, who, acting under plaintiff's instructions, caused it to be certified by the bank upon which it was drawn, the said bank charging defendant's account therewith.

Before the thirty day period had elapsed and while the check was still held by the notary, the bank failed. Plaintiff claims that defendant should bear this loss and now sues the latter for $165.00, that is, for $200.00 the balance of the purchase price, less a credit of $35.00 which both parties acknowledge that plaintiff owes in fulfillment of its obligation to replace worn and defective parts of the press. There was judgment as prayed for and defendant appeals.

The facts are as stated and the question presented is whether or not the deposit constituted a payment to

— 274 —

plaintiff and therefore remained at its risk; for if this be true, then plaintiff must bear the loss of the fund and defendant is exonerated from any additional payment.

The contract recites that defendant has in fact "settled" the purchase price by this deposit, and that the object of the deposit is "to secure" plaintiff's performance of an obligation due by it to defendant.

That is, the contract itself clearly characterizes the deposit as a payment; and this is emphasized by the designation of the purpose of the deposit; for since it was to serve as security in defendant's favor, it follows that the fund no longer belonged to the latter, for it could not at one and the same time both be defendant's property and serve as his security.

The fact that a certified check in plaintiff's favor was deposited with the notary in lieu of cash as originally planned fortifies the conclusion that a payment was intended. It was at plaintiff's instance that the check was made to its order and certified, with the result that the fund was deposited with the bank instead of with the notary and with the further effect that the amount of the check was withdrawn by the bank from defendant's account and control and converted into a special deposit in favor of plaintiff, the drawee of the check, and became payable upon its order alone.

The question of whether or not the deposit constituted a payment is dependent upon the intention of the parties, and we are satisfied from a consideration of their agreement and of all the circumstances surrounding the transaction a payment was effected and that the fund was the property of plaintiff held on deposit as security for the performance of its obligation to defendant.

The judgment is accordingly reversed and set aside and it is now decreed that plaintiff's suit be dismissed, and

further that defendant have judgment in reconvention against plaintiff in the sum of thirty-five dollars ($35) with 5 per cent interest from September 26th, 1912, till paid and that plaintiff pay the costs of both Courts.

Reversed.

Opinion and decree, April 19th, 1915.